M. Baron, Appellant, v. Eagle Indemnity Company, Appellee.

No. 42437.

June 23, 1934.

Baron & Bolton, for appellant.

Shull & Stilwill, for appellee.

Per Curiam.—The petition states a cause of action for damages

for the breach of an alleged oral contract to issue a policy of burglary insurance. It charges that a loss in the sum of $1,000 resulted from the burglary of appellant's safe. No evidence was introduced in behalf of appellee. The cause was submitted to a jury, which returned a verdict for the defendant.

The errors assigned and argued by appellant are based upon the submission to the jury by the court of special interrogatories requested by the defendant which were not first submitted to counsel for appellant. Section 11513 of the Code of 1931 requires the submission of special interrogatories to counsel for the adverse party before argument to the jury. It may, therefore, be conceded that the court erred in submitting the interrogatories to the jury without full compliance with the statute. The contention of appellant may also be conceded that some of the interrogatories were improper in form and might, if it had been necessary to consider same, have been somewhat confusing to the jury. The jury, however, was instructed to answer the interrogatories only in the event their verdict was in favor of the plaintiff. There is nothing in the record in any way tending to show misconduct on the part of the jury or that the verdict was in any manner influenced by the interrogatories propounded. Presumptively, the jury followed the instructions of the court and that the verdict, which is amply sustained by the evidence, represented the best judgment of the jury. In such situation, the only conclusion possible to be reached is that the error complained of was without prejudice to the appellant. The judgment should be and it is affirmed.—Affirmed.